UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

NORMA J. WINGATE,

            Plaintiff,

    v.

UNITED STATES POSTAL SERVICE,

            Defendant.
_____/

No. C 13-01722 LB

**ORDER GRANTING MOTION TO DISMISS**

[ECF NO. 9]

## INTRODUCTION

*Pro se* Plaintiff Norma J. Wingate, a retired United States Postal Service ("USPS") employee, filed suit against the United States Postal Service for employment discrimination, harassment, and retaliation. *See* Complaint, ECF No. 1.[1]  The complaint also appears to allege tort claims. *See, e.g.,* ECF No. 1 at 2 (referring to defamation, invasion of privacy, and extortion). On June 17, 2013, the USPS moved to dismiss all of Ms. Wingate's claims. *See* Motion, ECF No. 9. For the reasons discussed below, the court **GRANTS** the USPS's motion to dismiss.

## STATEMENT

### I. MS. WINGATE'S ADMINISTRATIVE PROCEEDINGS

Plaintiff Norma J. Wingate is a retired USPS employee. On or about September 7, 2012, Ms. Wingate filed an EEO Complaint with the USPS office that investigates Equal Employment

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page number at the top of the document.

Opportunity ("EEO") issues. *See* Compl., ECF No. 1 at 19 (EEO Investigation Report); Desorbo Decl., ECF No. 9-1, ¶ 3; *id.* Ex. A, ECF No. 9-2 (complaint in USPS EEO case number 4F-940-0062-12). In that complaint, Ms. Wingate alleged that she had been discriminated against on the basis of her race ("Black / Afro American"), religion ("Baptist"), national origin ("American"), sex ("Female"), age ("73") and subjected to retaliation based on prior EEO activity. *See* Compl., ECF No. 1 at 19; Desorbo Decl. Ex. A, ECF No. 9-2. Ms. Wingate alleged additional discriminatory conduct described as "[h]arassment, [r]etaliation, . . . [d]efamation, [h]ostility and [d]isrespect, [i]nvasion of [p]rivacy, [and] [e]xtortion." Compl., ECF No. 1 at 2.

The alleged discrimination occurred when:

(1) USPS denied Ms. Wingate's requests for leave on unspecified dates over the previous three years;

(2) Manager Sharon Gray invaded Ms. Wingate's privacy by opening, delaying, and intercepting Ms. Wingate's mail and sharing the information with others;

(3) her manager signed a form obligating Ms. Wingate to pay for health and life insurance during a period when she had been on leave without pay status;

(4) the USPS denied Ms. Wingate's August 17, 2012 request for information;

(5) Ms. Wingate was incorrectly rated on her 2009, 2010, and 2011 Pay for Performance reviews;

(6) on August 29, 2011, Ms. Wingate's request to have absences changed to sick leave was denied;

(7) Ms. Wingate had not received an interest payment ordered in a Merit Systems Protection Board ("MSPB") Order in a different case; and

(8) Ms. Wingate's manager issued her a Letter of Debt Determination in the amount of $1,327.32 by a manager.

*See* Complaint, ECF No. 1, *passim*; *see also* Desorbo Decl. Ex. B., ECF No. 9-3 at 2-3 (USPS Partial Acceptance/Partial Dismissal of Formal EEO Complaint).

The USPS dismissed portions of Ms. Wingate's complaint as barred by her prior EEO activity and as time barred. On November 6, 2012, the USPS announced it would investigate claims 1-6 above but dismissed claims 7 and 8 as collateral attacks on the MSPB's August 2011 decision (which is the decision Ms. Wingate is appealing in the 2012 Case). *See* Desorbo Decl. Ex. B, ECF No. 9-3 at 3-5; *see also Wingate v. United States Postal Service*, No. C 12-05560 LB ("the 2012 Case"), ECF No. 19-5 (August 10, 2011 MSPB Initial Decision). In the same filing, the USPS

C 13-01722 LB
(ORDER)                2

dismissed her claims (and limited its investigation) to the extent Ms. Wingate's alleged discrimination that occurred prior to March 22, 2010. *See* Desorbo Decl. Ex. B, ECF No. 9-3 at 2 n.2. The USPS explained that earlier acts should have been raised in her prior EEO action. *Id.*

On November 6, 2012, the USPS rescinded and superceded the Partial Acceptance / Partial Dismissal letter it issued on October 10, 2012. *See* Desorbo Decl., ¶ 4; *id.* Ex. C, ECF No. 9-4. The USPS determined that Plaintiff's allegation that her manager had signed a form obligating her to pay for life insurance (claim 3 above) was background to her claim that she had been issued a Letter of Debt Determination and was also dismissed. *See id.*

On December 18, 2012, the Postal Service issued an Acknowledgment / Acceptance of Amendment to Complaint-Mixed Case. *See* Desorbo Decl., ¶ 4; *id.* Ex. D, ECF No. 9-5. The Postal Service acknowledged it had received a November 12, 2012 affidavit from Ms. Wingate seeking to add a new claim for discrimination based on race, religion, national origin, sex, age, and retaliation. *Id.* at 2. This claim was based on the allegation that Ms. Wingate was forced to retire, effective July 3, 2012. *Id.*

On March 26, 2013, the USPS issued a Final Agency Decision that "the evidence does not support a finding that the complainant was subjected to discrimination as alleged." Desorbo Decl. Ex. E, ECF No. 9-6 at 1, 23-24.

## II. MS. WINGATE'S DISTRICT COURT COMPLAINT

Ms. Wingate filed the complaint in this case on April 16, 2013. *See* Compl., ECF No. 1. The form complaint is three pages long and alleges discrimination on the basis of race or color, sex, and national origin. *Id.* at 2.

Ms. Wingate alleges that the USPS is liable for harassment, retaliation, defamation "hostility and disrespect," invasion of privacy, and extortion. *Id.* The complaint alleges the following:

1. USPS knowingly sent five of Ms. Wingate's letters and checks (including the settlement check from the EEO matter discussed in the 2012 Case) to the wrong address at Bayview Station, Ms. Wingate's former place of employment;

2. Manager Sharon Gray opened all five letters and delayed forwarding them to Ms. Wingate by periods from two weeks to two months;

3. Manager Sharon Gray also denied Ms. Wingate's "Sick Leave Request of 168 hours requested in May, June, and July;"

4. "Information Request for Current Corrected 3972;"

5. "P&P for 2009, 2010 and 2011;"

6. "Denied Payment for $2172.40 extorted from Paycheck in 2007;"

7. "Rollover of 34,695.42 from OPM should have been issued to Bank in November 2012. Loss of 7831 in investments so far."

*Id.* at 2. The alleged discrimination occurred on or about May to December 2012. *Id.* Ms. Wingate alleges she received two Notice-of-Right-to-Sue letters – the first from the USPS's Office of the Inspector General on January 24, 2013 and the second from the EEOC on March 29, 2013. *Id.* at 3.

As in the 2012 Case, Ms. Wingate attaches numerous documents to her complaint. *See* ECF No. 1 at 4-38. Many of the attachments are illegible, *see, e.g., id.* at 5, 22-25, 31-37, while others are copies of documents submitted in the 2012 Case, *compare id.* at 6-7, *with* 2012 Case, ECF No. 1 at 19-20.

On May 14, 2013, the court related this case to the 2012 case. *See* Order Relating Cases, ECF No. 3. Then on May 15, 2013, Ms. Wingate filed 59 pages of additional documents. *See* ECF No. 6.

## ANALYSIS

### I. USPS'S MOTION TO DISMISS

The USPS moves to dismiss the allegations in this case for the same reasons as in the 2012 Case.[2] *See* Motion, ECF No. 9 at 12-17. Ms. Wingate filed identical opposition briefs in this motion and in the 2012 Case. *Compare* Opp'n, ECF No. 11, *with* 2012 Case, ECF No. 21. As discussed in the 2012 Case, Ms. Wingate does not substantively respond to the USPS's motion to dismiss.

The court incorporates by reference its order in the 2012 case, which sets out the legal standards and the need to exhaust administrative remedies and allege facts supporting discrimination and the FTCA's waiver of sovereign immunity. *See* Order, 2012 Case, ECF No. 22. The USPS's specific challenges in this case, and the court's orders regarding them, are as follows.

The USPS moves to dismiss Ms. Wingate's claims for failure to promote, "rollover of retirement funds," and loss of investment income for failure to exhaust administrative remedies. *See* Motion at

---

[2] Given the significant overlap between the allegations in this case and those in the 2012 Case, the court will not redo its earlier analyses.

12. Ms. Wingate does not allege that she exhausted administrative remedies with respect to these claims and the court dismisses them.

To the extent Ms. Wingate alleges tort claims predicated on employment discrimination, they are barred. *See Brown v. General Services Administration*, 425 U.S. 820, 834 (1976); *Williams v. General Services Administration*, 905 F.2d 308, 311 (9th Cir. 1990).

To the extent the complaint alleges tort claims that are not based on discrimination, they are barred because Ms. Wingate did not exhaust administrative remedies under the FTCA.

For the reasons discussed at length in the 2012 Case, *see* ECF No. 22, the complaint fails to state claims for discrimination, harassment, or retaliation because it fails to tie the alleged adverse employment actions with either a discriminatory or retaliatory motivation.

Finally, to the extent that the complaint alleges that the USPS did not respond to an information request under the Freedom of Information Act, it fails to state that claim with sufficient detail under Rule 8(a).

## II. ANY FUTURE COMPLAINT MUST BE ORGANIZED AND LEGIBLE

The complaint and attachments that Ms. Wingate filed are handwritten in cursive. They are difficult to read and frequently illegible.

Should Ms. Wingate choose to file an amended complaint, she should try to type her submissions or at least legibly and clearly print all words in her pleadings on double-spaced horizontal lines. While she may attach documents to her complaint and reference them in the complaint, her handwritten notes on them are not a substitute for putting her factual allegations in the complaint itself in a way that they can be easily read.

## CONCLUSION

For the reasons discussed above and in the court's order in the related Case No. C 12-5560 LB, the court **GRANTS** the USPS's motion to dismiss. Ms. Wingate's tort claims based on defamation, extortion, fraud, and invasion of privacy are dismissed with prejudice. All of her other claims are dismissed without prejudice. To the extent Ms. Wingate can remedy the deficiencies identified above, she may reallege those claims in an amended complaint filed by August 14, 2013. She may not raise claims that she did not exhaust administratively.

1   This disposes of ECF No. 9.

2   **IT IS SO ORDERED.**

3   Dated: July 23, 2013



LAUREL BEELER
United States Magistrate Judge